**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**LINWOOD FULLOVE, #48107**                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:12-cv-132-KS-MTP**

**DOUG EVAN and ROBERT T. LESTER**                                **DEFENDANTS**

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Fullove is an inmate of the Mississippi Department of Corrections (MDOC), who filed this *pro*

*se* Complaint pursuant to 42 U.S.C. § 1983.[1]  The named defendants are Doug Evan and Robert

T. Lester.  After liberal review of the Complaint, Responses, and entire record, the Court has

reached the following conclusions.[2]

**I.       Background**

Plaintiff's Complaint revolves around his 1995 conviction for rape entered by the Circuit

Court for Grenada County and resulting 35- year sentence of imprisonment.  Plaintiff asserts

various complaints regarding his arrest, indictment, trial and sentencing with the focus of his

claims stemming from his belief that only an attempted rape was proven by the evidence.

Hence, attempted rape would have resulted in a significantly shorter term of incarceration than

the sentence he received, therefore he is illegally incarcerated.  Plaintiff is seeking his release

---

[1]Plaintiff's request to proceed *in forma pauperis* was granted on September 7, 2012.

[2]After initial review of Plaintiff's Complaint [1] and supplement [5] to his Complaint, he was ordered [7] to file a response to clarify the named Defendants and to provide specific information regarding his claims.  After a Show Cause Order [8] was entered, Plaintiff filed his initial Response [9]. Thereafter, an Order [10] was entered directing Plaintiff to file a supplemental response to confirm the named Defendants and to specifically state the relief requested in this case.  Plaintiff filed his supplemental Response [11] on November 28, 2012.

from incarceration and monetary damages as relief in this case.

## II.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides  that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, §1915(e)(2) applies to this case.

### A.  Claims for Habeas Corpus Relief

Initially, the Court notes that "[s]ection 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement."  *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)(citations omitted)(finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case).  Whereas habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of their confinement and seeking a speedier or immediate release from incarceration.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);  *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement").  Therefore, Plaintiff's request for release from incarceration will be dismissed from this § 1983 case, without prejudice.[3]

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254 .

**B. Claims under 42 U.S.C. § 1983**

In a suit filed *in forma pauperis* under § 1915, the district court is "authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A district court may also consider, *sua sponte*, "affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *See id.; see also Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Lopez-Vences v. Payne*, 74 Fed. App'x 398 (5th Cir. 2003). Specifically, a district court "may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006)(citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

This Court must borrow the three- year general personal injury limitations period for Mississippi and apply it to the allegations in this matter. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period for civil rights actions brought pursuant to 42 U.S.C. § 1983); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990)(finding Mississippi's three- year general personal injury limitations period applicable to § 1983 cases); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended. While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id*. As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the
> plaintiff becomes aware that he has suffered an injury or has sufficient

> information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *See Walker v. Epps,* 550 F.3d 407, 415 (5th Cir. 2008); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Mississippi does not afford a tolling provision for incarceration.

As stated above, Plaintiff's allegations revolve around his 1995 criminal conviction for rape. The named defendants are the prosecutor for Plaintiff's criminal case, Doug Evan, and his defense attorney, Robert T. Lester, Jr. Plaintiff's complaints about the evidentiary support for his conviction rest on medical information that existed at the time of his trial. *See* Compl. [1] at 3- 4; Resp. [9] at 1. Plaintiff was aware of his alleged injury and the connection between the injury and the Defendants' alleged conduct, no later than February 8, 1995, when the Judgment of conviction was filed in his criminal case. *See* Supplement to Compl. [5-1] at 2; *Piotrowski*, 237 F.3d at 576. Therefore the limitations period began to run on February 8, 1995. Clearly, Plaintiff's claims accrued more than three years prior to his filing of the present action on August 6, 2012. The Court finds Plaintiff's § 1983 claims to be time-barred and properly dismissed as legally frivolous. *See Gartrell*, 981 F.2d at 256 (finding claims barred by the applicable statute of limitations are properly dismissed as frivolous under § 1915); *see also Ramon v. Rodriguez-Mendoza*, No. 09-50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010)(affirmed district court's dismissal of prisoner § 1983 case as frivolous because it was barred by statute of limitations).

**III.  Conclusion**

Plaintiff's claims under 42 U.S.C. § 1983 accrued more than three years prior to the filing of the present action, and are therefore time-barred.  Accordingly, Plaintiff's § 1983 claims will be dismissed with prejudice, as legally frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).  However, Plaintiff's claims for habeas corpus relief will be dismissed without prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."  *See* 28 U.S.C. § 1915(g);  *Bates v. Price*, No. 09-10298, 2010 WL 760421, *1 (5th Cir. Mar. 5, 2010) (finding prisoner case barred by statute of limitations, and dismissed as frivolous, counts as a "strike" under § 1915(g)).  If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 5th  day of  December , 2012.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE